ZEDDY v. ZEDDY.

Opinion delivered October 28, 1929.

*R. T. Boulware* and *Edwin A. Upton,* for appellant.
*Searcy & Searcy,* for appellee.

HUMPHREYS, J. Appellant obtained a decree of absolute divorce from appellee upon the ground of abandonment, on the 30th day of November, 1928, in the chancery court of Lafayette County, the custody of their three minor children, and an allowance of $10 per month for their support, and a one-third interest for life in his homestead, consisting of 67.51 acres of bottom land in said county, which was ordered divided between them, quantity and quality considered, in accordance with the provisions of § 3511 of Crawford & Moses' Digest.

In addition to filing an answer in the suit denying that the abandonment was without cause, appellee filed a cross-complaint against appellant, seeking a divorce from her upon the alleged grounds of personal indignities and adultery.

In rendering the decree of divorce the trial court refused to allow appellant attorney's fee and suit money, to subrogate her to the rights of the mortgagee in the mortgage paid by her to remove an incumbrance from said homestead, and to require appellee to make bond to secure the payment of the monthly allowance for the support of the children, from which refusals, and the alleged inadequacy of the amount allowed her for the support and maintenance of the children, she has prosecuted an appeal to this court.

The trial court dismissed appellee's cross-complaint for want of equity, from which dismissal and the decree granting appellant a divorce on her complaint he has prosecuted a cross-appeal to this court.

The testimony is in sharp conflict as to whether appellant offered such indignities to the person of appellee as to render his condition in life intolerable, and as to whether she was guilty of adultery.

After a very careful reading of the record we are unable to say that the finding of the trial court upon these issues of fact is contrary to a clear preponderance of the

evidence. According to the undisputed testimony, appellant left his family in possession of the homestead, in the spring of 1926, and never returned to live with them, and never contributed anything out of his earnings to their support. His excuse for leaving was the alleged misconduct of appellant, and indignities offered him by her. It follows from the finding of the trial court against him on these issues that he deserted appellant without just cause. The trial court did not err therefore in granting appellant a divorce and dismissing appellee's cross-complaint.

The custody of the children was properly awarded to appellant. They are of tender years, the oldest being six years of age at the time the suit was instituted. Appellee is working for a small wage at such times as he can find employment, and has no separate home for them, and no one to take care of them while he works.

The allowance of $10 per month as support for the children is indeed small, but at present the earning capacity of appellee is not great. He only earns $2.50 a day at a sawmill at such times as he can get employment. The sawmill does not afford continuous employment. He has no property except the farm, out of which the life estate of appellant is to be carved. In the division of the homestead appellant will acquire a home for herself and children, upon which she will be able to earn a support. She has already demonstrated this fact by her ability to do so since appellee deserted her. The land is productive, and appellant, with the aid of her children as they grow older, can cultivate it without employing much, if any, labor. She has been cultivating a portion of the land by her own labor for several years.

Appellant's demand that appellee be required to give a bond to pay the monthly allowance of $10 was unreasonable, and not justified by the facts in the case. Bonds are not easily procured, and it will be time enough to request such a bond if appellee defaults in the payment of the monthly allowance. There is nothing in the record

reflecting that the trial court abused its discretion in denying appellant's request for a bond. It was within the trial court's sound discretion to grant or refuse the request.

The trial court did not err in refusing to decree appellant a reasonable sum for suit money and attorney's fees. In addition to cultivating a portion of the land herself, appellee has been collecting the rents on the land cultivated by a tenant upon the place, and, relatively speaking, was better able to pay her own cost and attorney's fee than appellee was to pay his.

The only remaining question raised by the appeal is whether the court erred in refusing to subrogate appellant to the rights of the mortgagee in the mortgage paid by her to remove an incumbrance from the homestead. The record reflects that at the time appellee abandoned his family there was a mortgage upon the homestead of $560. Although appellant paid this amount and took an assignment of the mortgage herself, the record reflects that it was paid out of the rents and profits of that portion of the homestead not actually occupied and cultivated by her. As the money with which she removed the incumbrance arose, not from the earnings of appellant or from her separate estate, but from the rents and profits of the homestead, she was and is not entitled to be subrogated to the lien of the mortgage on the land, under the doctrine announced in the case of *Kenady* v. *Gilkey,* 81 Ark. 147, 98 S. W. 969. The instant case is governed by the rule announced in that case.

No error appearing, the decree is affirmed throughout.