WALTERS *v.* WALTERS.

4-8444                                          211 S. W. 2d 110

Opinion delivered May 17, 1948.

*Curtis L. Ridgway* and *Richard M. Ryan,* for appellant.

*Hebert & Dobbs,* for appellee.

HOLT, J. Appellant, Margaret F. Walters, and appellee, Howard Walters, were married in Omaha, Nebraska, in August, 1929. No children were born to this union. They separated in January, 1944. In March, 1945, appellee sued his wife for divorce in Douglass county, Nebraska, and shortly thereafter this suit was dismissed at his insistance. October 18, 1946, appellee filed another suit in Nebraska against his wife for divorce and this suit he dismissed January 15, 1947. While this latter action was still pending in the Nebraska court, appellee moved to Hot Springs, Arkansas, on November 7, 1946, and on January 16, 1947, one day after the dismissal of the Nebraska suit, filed the present action for divorce, in Arkansas, alleging as grounds that he and appellant had lived separate and apart, and had not cohabitated as husband and wife for more than three years before the institution of the cause, and further alleged indignities such as to render his condition

intolerable (§ 4381, Pope's Digest, Sub-sections 7 and 5 respectively).

Appellant answered with a general denial,—except admitting the marriage and that no children had been born,—and specially pleaded that appellee had failed to establish the jurisdictional ground of residence in Arkansas as required under the "First" Sub-division of § 4386 of Pope's Digest, which provides: "A residence in the State for three months next before the final judgment granting a divorce in the action and a residence for two months next before the commencement of the action." She also filed a cross complaint in which she alleged, in effect, that appellee had been guilty of such indignities and intolerable treatment toward her as to render her condition intolerable, again challenged the jurisdiction of the trial court, and her prayer was that she be granted a decree of divorce, alimony and for certain money alleged to have been loaned her husband, costs, etc. Upon a trial of the cause, the court found (quoting from the decree): "That the plaintiff (appellee) is a *bona fide* resident of the County of Garland, State of Arkansas; that the court has full and complete jurisdiction of the parties hereto and of the subject matter of this action; that the parties hereto have lived separate and apart for more than three consecutive years, without cohabitation, next before the commencement of this suit and that the plaintiff is entitled to a decree of absolute divorce," and entered a decree accordingly. This appeal followed.

At the outset, we are met with the earnest contention of appellant that the trial court lacked jurisdiction for the reason that appellee, at the time the present suit was filed January 16, 1947, was not a *bona fide* resident of the State of Arkansas within the meaning of the section of the statute, *supra* (§ 4386).

After a careful review of the record, we have reached the conclusion that this contention must be sustained.

The testimony discloses that the parties here were residents of Omaha, Nebraska, from the date of their marriage, 1929, until their separation in January, 1944.

As above indicated, appellee filed two separate suits in Nebraska against appellant for divorce, the first he dismissed shortly after it was filed, and the second, which he filed October 18, 1946, he dismissed January 15, 1947, just one day before he filed the present suit in Garland County, Arkansas. Appellee, in his second Nebraska suit of October 18, 1946, alleged "that the parties are residents of Omaha, Douglass county, Nebraska, and have been for several years last past."

He testified: "Q. That suit was filed on the 18th day of October, 1946, was it not? A. About that time as I recall. Q. And at that time you were a citizen and resident of Omaha, Nebraska? A. If I hadn't been my attorney would not have filed the suit, I presume. Q. Were you a citizen and resident of Omaha, Nebraska? A. I was a citizen of the State of Nebraska. . . . Q. And notwithstanding all that, on the 15th day of January, 1947, which was the day before you filed your suit here in the Garland Chancery Court, you dismissed that cause of action? A. That is right. . . . Q. You would have accepted a divorce in Nebraska if you could have gotten it? A. If it had been granted before I had to come. Q. When did you decide to make your residence in Hot Springs? A. In the early fall prior to January when I came down here after my conversation with Mr. Roberts about the merits of this proposition here. Q. Why didn't you dismiss your suit then when you came away from Nebraska? A. Because I didn't know—I hadn't definitely made up my mind— why didn't I dismiss it before I left? Q. Why didn't you dismiss your suit, if you knew you were coming to Hot Springs to live, the day you left Nebraska? A. I figured there was ample time to do that after I moved. here. Q. You still had that suit pending when you moved here? A. Yes."

He further testified that he came to Hot Springs November 7, 1946, to work for the Sleepy Valley Mineral Water Company and had resided in Hot Springs since; that his intentions were to remain and make his home in Hot Springs; that he lived at 621 Park Avenue.

The principles of law announced in the recent case of *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585, and *Swanson* v. *Swanson*, 212 Ark. 439, 206 S. W. 2d 169, are controlling here.

In the Swanson case, referring to our holding in the Cassen case, we said: "In that case we held that a plaintiff must be a *bona fide* resident of Arkansas, and have the *animus manendi* (the intention of remaining)— that is, he must be domiciled here—before he can invoke the jurisdiction of the courts of this State to obtain a divorce." In the Cassen case, we held: (Headnote 4) "The essential as to *bona fide* residence must exist not only at the time the decree is rendered, but must also have existed at the time the suit was filed."

Whether appellee was a *bona fide* resident of Arkansas with the intention of remaining here and making this his home, at the time the suit was filed and the decree rendered, was purely a question of fact, and we hold, on the testimony presented, largely on that of appellee himself, that the great preponderance of the evidence showed that he was not such *bona fide* resident. Of much significance, and bearing upon appellee's intention as to establishing residence in Arkansas, was his admission that until the day before the present suit was filed in Hot Springs, there remained on file in a court in Douglass county, Nebraska, his suit, *supra*, for divorce, in which he alleged and claimed that he was a resident and citizen of Nebraska. Also of significance was his admission, in effect, that he was ready and willing at all times to accept the fruits and benefits of that suit until the very date of its dismissal, which was one day before the present suit was filed, and his testimony when asked why he did not dismiss the Nebraska suit the day he left for Arkansas, answered: "I hadn't definitely made up my mind. . . . I figured there was ample time to do that after I moved here."

For the error indicated, the decree is reversed and the cause dismissed.