WARREN v. WARREN.

4-8683                                          216 S. W. 2d 398

Opinion delivered January 10, 1949.

380

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

ROBINS, J. Appellant asks us to reverse decree of the lower court by which appellee was granted divorce from appellant and appellant's prayer for alimony was denied.

Only one ground for divorce—separation for three years—was alleged or proved by appellee. Appellant does not urge here that the finding of the lower court that these parties had been separated for three years before the commencement of the action is not supported by the testimony; but she argues that appellee failed to show that he was a resident of Arkansas for ninety days before the granting of the decree, and that the court erred in denying her alimony.

This suit was filed on March 4, 1948, and the decree was rendered on June 29, 1948. There was testimony by several witnesses to the effect that appellee came to Little Rock from Illinois, where the parties had been living, in July, 1947, and obtained employment here shortly afterwards. He brought all his personal effects and has remained in Little Rock since that time. He has assessed and paid two consecutive annual poll taxes in Arkansas, has assessed property taxes and filed income tax return as a resident of this State, and has obtained Arkansas license for his automobile. Other circumstances tending to establish appellee's residence here as permanent were shown, but appellant argues that inference that appellee came to Arkansas for the sole purpose of obtaining a divorce must be drawn from a letter written by appellee to her. This letter might well receive this interpretation, yet, when all the

other evidence is considered, we cannot say that the lower court's finding that appellee was a *bona fide* resident of this State for the requisite length of time was against the weight of the testimony.

Appellant cites, and strongly relies on, *Cassen* v. *Cassen,* 211 Ark. 582, 201 S. W. 2d 585; *Swanson* v. *Swanson,* 212 Ark. 439, 206 S. W. 2d 169, and *Walters* v. *Walters,* 213 Ark. 497, 211 S. W. 2d 110. We absolutely adhere to the holding in those cases, but the facts in the case at bar support the Chancellor's finding that the appellee is a *bona fide* resident of, and duly domiciled in, this State.

The General Assembly, in enacting the law making separation for three years a ground for divorce, under the construction we have put upon this law (Act No. 20 of 1939, approved January 27, 1939) withdrew from the courts power to consider any defense by way of recrimination or proof of misconduct of any kind on the part of plaintiff in an action for divorce brought on that ground. See *Young* v. *Young,* 207 Ark. 36, 178 S. W. 2d 994, 152 A. L. R. 327; *Larsen* v. *Larsen, Id.,* 543, 181 S. W. 2d 683. But, under the express provisions of that Act the court, in a suit of this kind, may, in determining "settlement of property rights and the question of alimony," consider "the question of who is the injured party" in the separation.

There is no evidence in this case tending to show that appellant was other than a good wife, or that appellee had any cause to complain of any conduct on her part toward him. His only complaint against her, so far as the record before us discloses, was that she had resisted previous efforts on his part to obtain a divorce and that she had grown "repulsive" to him.

While appellee's income was shown to be rather small ($1,700 per year) and appellant was earning almost that much as a school teacher, we conclude that under all the circumstances shown appellee should be required to pay appellant alimony in the sum of $30 per month, the order as to this to be, as all such orders

are, subject to future modification when changed conditions may so require.

That portion of the decree of the lower court by which divorce. was granted to appellee is affirmed; and that part thereof whereby alimony is denied to appellant is reversed and the cause remanded with, directions to award to appellant alimony in the sum of $30 per month and a reasonable sum for her solicitor's fee in this and the lower court.

GRIFFIN SMITH, Chief Justice, not participating.