WARREN v. WARREN.

4-8939                                    221 S. W. 2d 407

Opinion delivered June 20, 1949.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

GEORGE ROSE SMITH, J.  Upon the first appeal in this cause we affirmed the granting of a divorce to appellee

but awarded alimony to appellant in the amount of $30 a month. *Warren v. Warren,* 214 Ark. 379, 216 S. W. 2d 398. Appellee's failure to pay the first three installments resulted in a citation for contempt of court. The chancellor ordered payment of the amount past due but reduced the allowance for the future to $15 a month. This appeal questions the modification.

Of course the chancellor may modify an award of alimony from time to time, but the power is to be exercised to meet changes in the relative circumstances of the parties. After studying the record made at each hearing we are unable to say that there has been any change necessitating a reduction of the award. Appellee's monthly income at the time of the first trial consisted of earnings averaging from $75 to $100 and a pension of $27.60. At the second hearing he estimated his income at about $100 a month in addition to the pension. Appellee intends to enter a hospital for treatment of the injury for which he receives a pension, but until he does so his earning capacity is not more adversely affected by the injury than it was at the time of the first trial. There was also some additional testimony as to the extent of appellant's property ownership. Even if it were held that a more detailed presentation of proof originally available is sufficient to support a modification in the amount of alimony, here the difference is so slight that it would not have affected the award first made. We conclude that a reduction of the award is not at present warranted by the evidence.

Appellant asks us to allow an attorney's fee, as authorized by Ark. Stats. (1947), § 34-1210. This request is addressed to the court's discretion. The proof shows that appellant is able to pay her attorney, while the appellee will have difficulty in paying for the services of his own counsel. Upon this showing we do not feel that the allowance should be made. See *Zeddy v. Zeddy,* 180 Ark. 235, 21 S. W. 2d 157.

Reversed.

GRIFFIN SMITH, C. J., not participating.