KNAUS *v.* KNAUS.

5-302 267 S. W. 2d 16

Opinion delivered April 19, 1954.

*Martin K. Fulk,* for appellant.

*Townsend & Townsend,* for appellee.

GEORGE ROSE SMITH, J. In the court below the appellee, William A. Knaus, obtained a divorce upon the ground of three years separation. The only contention now made is that Knaus had not been a *bona fide* resident of Arkansas for two months before the suit was filed.

The parties were married in 1941 and lived together for a few months in Library, Pennsylvania. The appellee then entered the military service and remained in the army until his discharge in 1948. It is conceded that the couple have not lived together since the year 1945.

In 1949 the appellee brought suit for divorce in Pennsylvania, and while that case was pending the appellant sued in the same court for a limited divorce. The cases were tried together, resulting in a decree, entered on July 22, 1952, by which relief was denied to both parties.

On June 24, 1952—about a month before the decision in the Pennsylvania cases — the appellee had moved to Little Rock, Arkansas. The present suit was

filed on August 28, 1952. On the jurisdictional question the appellee offered testimony to show that he had resigned his job in Pennsylvania, that he had moved his belongings to Arkansas, that he had obtained employment here, opened a bank account, rented an apartment, paid taxes, and done other things tending to show that he had become a permanent resident of this State. This testimony is substantially undisputed. There is no reason for us to extend this opinion by a detailed review of the evidence. As in most cases of this kind, turning upon a question of subjective intent, the issue is not free from doubt and might with some plausibility be decided either way. The chancellor concluded that the appellee is acting in good faith, and we cannot say that his conclusion is contrary to the weight of the testimony. In several respects the case is similar to *Kirk* v. *Kirk,* 218 Ark. 880, 239 S. W. 2d 6, where we upheld the chancellor's finding that the plaintiff had established his domicile in Arkansas.

The appellant contends that, in determining the length of the appellee's residence in Arkansas, we should exclude the twenty-eight days between his arrival in this State and the dismissal of his Pennsylvania suit. We do not think that an inflexible rule to that effect would be sound law. A change of domicile occurs when physical presence in the new jurisdiction is accompanied by the intention of remaining there. That one who migrates to another state leaves behind him a pending divorce suit may have a very significant bearing upon the issue of intention, as we pointed out in *Walters* v. *Walters,* 213 Ark. 497, 211 S. W. 2d 110; but this one fact cannot be regarded as conclusive. Here the appellee cites decisions of inferior Pennsylvania courts to show that there a plaintiff's suit for divorce does not abate upon his removal to another state during the pendency of the case. If that is the law of Pennsylvania the appellee was at liberty to come to Arkansas when he did, and even if the law were otherwise the appellee by his exodus merely risked the abatement of his Pennsylvania suit. For us the question is whether Knaus

came to Little Rock with the intention of remaining here, and we are not convinced that the pendency of the earlier case outweighs the many facts supporting the chancellor's decision.

Affirmed.

McFADDIN, J., dissents.