ALLISON v. ALLISON.

5-1790                                321 S. W. 2d 760

Opinion delivered March 16, 1959.

*Amis Guthridge* and *L. B. Smead,* for appellant.

*Spencer & Spencer,* for appellee.

J. SEABORN HOLT, Associate Justice. The parties here are the parents of five children; a boy 17, a girl 14, a girl 12, a boy 7 and a girl 4. Appellant left his family, and his wife sued him for support and maintenance for their children. The trial court, in July 1957, upon a hearing, ordered appellant to pay $50.00 per week. It appears that he made these payments but on the third of September, 1958, he presented his petition to the court for a reduction of these payments from $50.00 to $35.00 per week on the ground that he was unable to pay as much as $50.00 per week. The trial court denied appellant's petition and in summation of the case said:

"In cases of this kind, there are two things to take into consideration: one is the ability of the husband to pay and the other is the need. I am sure everyone agrees $50 a week is not too much for the needs of this wife and five children. The other thing is his ability to pay. The Court took those two things into consideration when I made my order of July, 1957. That order was made and a short time after a petition was filed for contempt

of court. The Court found that he was in contempt but to try to help him didn't order any punishment for him. In open court, he made the remark he didn't intend to pay it. I ordered the sheriff to put him in jail and hold him until bond was executed insuring payment of $50 a week until amount in arrears was paid. As I recollect he was permitted to pay the amount in default something like in $25 or $30 payments. Because of his statement in court, I had no other recourse except to order him placed in jail and held until he executed bond. Before the Court can reduce the payments there must be some showing of change of circumstances. The only change I see is a change for the worse in her circumstances inasmuch as the wife was working and today she doesn't have that income. There is no change to justify the Court in reducing these amounts, and I will have to deny your petition.''

Our rule is well settled throughout our decisions that a chancellor has the continuing power to modify an award for maintenance and child support, but the rule is also clearly settled that this power to modify may be exercised only on a showing of changed conditions subsequent to the entry of the original award or decree as would warrant modification. *Warren* v. *Warren*, 215 Ark. 567, 221 S. W. 2d 407.

On the record presented, we hold that the court correctly held that appellant has failed to show his inability to pay or that his family's needs are now any less than when the original award was made. Appellant has been working for the Worsham Wholesale Company in El Dorado for about five years as a salesman. He was furnished a truck by the company, along with oil and gas. He took a supply of groceries and merchandise in the truck and made calls on various grocery stores and cafes, delivering the sales from his truck as he sold. He was selling on a commission basis and it appears that his earnings amounted to approximately $65.00 a week, out of which he was paying his expenses of about $15.50 a week, together with $50.00 per week for the support of his family. He was allowed a $65.00 per week

drawing account. He had no expense account but the company, as indicated, furnished the truck, paying all expenses connected with its operation—repairs, oil, gas, tires, battery, etc. Appellant was away from home only one night a week. Appellant admitted that he owned no automobile of his own but was operating, and had at his disposal, a car furnished to him and owned by a lady in Monticello, Arkansas and that she paid all expenses of operation.

It appears undisputed that at the time of the original award of $50.00 per week, Mrs. Allison (appellee) was then working for an ice cream plant and earning $30.00 per week but that a few months later the plant cut down on its employees and let Mrs. Allison go, so that the only change in conditions since the original award was made (as stated by the court) is that Mrs. Allison's condition is worse now than it was then, while that of Allison appears to be unchanged. She testified that under present conditions, with the needs of the family mounting, she could barely make ends meet on $50.00 per week. We conclude therefore, as indicated, that there has been no showing of a change in conditions that would warrant modification of the original order and accordingly, the decree is affirmed.

ROBINSON and JOHNSON, JJ., dissent.