ROAD IMPROVEMENT DISTRICT No. 4 v. BURKETT.

Opinion delivered April 14, 1924.

1. STATUTES—RIGHTS UNDER UNCONSTITUTIONAL ACT.—No rights can be predicated on an unconstitutional statute.

2. HIGHWAYS—ABANDONMENT OF PROJECT—RECOVERY OF ENGINEER'S FEES.—Where the commissioners of a valid road improvement district approved and accepted the preliminary survey of an engineer, and agreed to pay him for them, but subsequently abandoned the project, the engineer was entitled to recover on a *quantum meruit*, though the survey was made under an invalid act.

3. HIGHWAYS—VALUE OF ENGINEER'S SERVICES.—In a suit on *quantum meruit* by an engineer to recover for services in preparing the plans for a road improvement district, the value of his plans was properly determined by the reasonable cost of the work necessary to prepare them.

Appeal from Johnson Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Jesse Reynolds,* for appellant.

The work done by appellee was done under the first contract, which was void. Where an act is declared void, the contract of the engineers as well as their claim for services on a *quantum meruit* is swept away. 122 Ark. 491. A subsequent act cannot vitalize or validate a void contract. 154 Ark. 218; 31 Ark. 701; 109 Ark. 90; *Haley v. Sullivan,* 162 Ark. 59. Appellee was not entitled to any further remuneration. His plans were inefficient and of no value to the district. 155 Ark. 304. The evidence produced by appellee did not establish the cost of the work done. If he has this information and fails to produce it, it is an evidence against him. 32 Ark. 337; 160 U. S. 379.

*Coleman, Robinson & House* and *Saye & Saye,* for appellee.

Appellant could not in equity accept the benefit of appellee's labor and skill and then deny liability for the reasonable value of the same. 147 Ark. 535; 47 Ark. 270; 122 Ark. 14; 138 Ark. 12, 203 Ill. App. 245; 111 N. E. 420; 148 N. W. 390; 24 N. W. 253; 155 Ark. 304. Appellee seeks to recover upon a *quantum meruit.* The district is liable for the preliminary expenses as defined in 119 Ark. 188. See also 152 Ark. 302.

SMITH, J. Appellee brought this suit to recover for work done in making a preliminary survey in Road Improvement District No. 4 of Johnson County. At a special session of the General Assembly in 1919 an act, numbered 172, was passed, creating Road Improvement District No. 4 of Johnson County; but this act was void for the reason set forth in the opinion of this court in the case of *Booe* v. *Road Imp. Dist. No. 4 of Prairie County,* 141 Ark. 140. This act 172 named the commissioners, who were directed to construct the improvement there authorized. These commissioners immediately organized and entered into a contract with appellee, by which they attempted to employ him as engineer for said district, to do all of said district's engineering work, including the preparation of all preliminary plans and the final plans, and the supervision of all construction work, he to pay all the necessary expenses of draftsmen, assistant engineers, and all other help of whatever kind or character, and all engineering expenses, for a compensation of five per cent. of the actual cost of the improvement.

About the time the engineer had completed his preliminary survey, the opinion in the Booe case, *supra,* was handed down, and all proceedings under act 172 were abandoned.

A second session of the General Assembly was called, however, which convened in 1920, and at this session an act No. 128 was passed, which was approved February 17, 1920. This act is practically identical with

act 172, and named the same commissioners as were named in the first act, and these commissioners, on February 20, 1920, entered into a contract with Hight-Burkett Engineering Company, a copartnership composed of W. C. Hight and the plaintiff in this suit, by which the road district employed said firm as engineers for said district, to do all the engineering work connected with the construction of the proposed improvement, and agreed to pay, as compensation for such services, five per cent. of the total cost, and provided for the time and manner of payment. This contract was approved by the county court of Johnson County on February 23, 1920, and, a few days later, plans for the proposed improvement, which had been approved by the commissioners, were filed with the county court, as required by act 128, and these plans were duly approved by the county court. The Hight-Burkett Engineering Company dissolved, and plaintiff succeeded to the rights and liabilities of said partnership under its contract with the road improvement district.

Upon consideration of these plans, it was decided that the proposed improvement would impose too great a burden on the lands embraced in the district, and, by common consent, the project was treated as abandoned, and, at the regular 1921 session of the General Assembly, act No. 522 was passed, whereby the district was dissolved and provision was made for the liquidation of the district's affairs.

The testimony established the fact that the actual survey from which the plans of the improvement were prepared was made under the contract made when the commissioners were attempting to operate under act 172. But, as this act was unconstitutional, no rights could be predicated on it, and there is no attempt to recover under this contract. But after act 128 was passed, which was an original act and not an attempt to amend or revive act 172, another contract was made, which was substantially identical with the prior contract, and, under the authority of act 128, the commissioners approved the

plans of the engineer. The authority of the district to proceed under act 128 is not questioned, but it is insisted that, as the survey upon which these plans were based was made under a void contract, no account should be taken of this work. This is the question of law in the case; the other questions are ones of fact.

After the plans and specifications had been filed and approved, the engineer urged the commissioners to permit him to proceed under his contract, but they refused to do so because of the excessive cost involved. They did, however, call on the engineer for a revision of his plans, with the view of reducing the cost, and it appears that three revisions were made, but no construction work was done under any of them, and the whole matter remained in abeyance until act 128 was repealed. There does not appear to have ever been any assessment of betterments.

At the time the plans were approved, the commissioners executed and delivered to the engineer the notes of the district for $9,400, evidencing the amount due the engineer at that time under his contract. No payments were made on these notes, and they were taken up and canceled on the promise that the district would later pay the engineer the sum due him. However, a payment of a thousand dollars in cash on the demand was made when the notes were taken up.

No further payments were made, and on June 9, 1921, the engineer brought this suit for $7,826.77, which sum he alleged was the balance due him for preliminary work.

At the trial of the cause a number of witnesses testified. Much of this testimony related to the sufficiency and completeness of the plans. The principal witnesses testified as experts. There was testimony that the plans were incomplete and valueless, but the preponderance of the testimony appears to support the contrary finding which was made by the court.

It was the view of the court that the value of the plans was determinable by the cost of making them,

and we think that view was correct. We are also of the opinion that the court was correct in holding that the right to recover the value of the plans was not to be denied because the survey was actually made under a void contract. There is no attempt to recover under that contract. The suit is one to recover, on a *quantum meruit* basis, the value of the preliminary plans made for a district created by a valid act of the General Assembly, and we think a fair method of determining their value was to ascertain the reasonable cost of the work necessary to prepare the plans.

The proposed road was to be forty-eight miles in length, and there was testimony that the topography of the country was such as to make the work of the preliminary survey more expensive than the ordinary road of that length would have been.

There are various conflicts in the testimony and explanations thereof in regard to the cost of the work. The engineer undertook to furnish a verified itemized statement of the expenditures incurred and of the value of his services.

Several recent cases have defined and limited the right to recover for these preliminary surveys, and no useful purpose would be served by reviewing those cases or a rediscussion of the legal principles there announced. Nor do we think it necessary to review the evidence on the various items covered by the engineer's account. This testimony has been carefully considered, and, after such consideration, we are unable to say that the finding of the chancellor that the plans were worth as much $7,525 to the district is clearly against the preponderance of the evidence. The engineer did not cross-appeal, and we need not therefore consider whether they may have had a greater value to the district.

The decree is therefore affirmed.