FOSTER *v.* FOSTER.

4-8974                                           224 S. W. 2d 47

Opinion delivered November 14, 1949.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellant.

*T. J. Gentry,* for appellee.

ED. F. McFADDIN, Justice.    The Pulaski Chancery Court granted the husband a divorce,[1] and awarded the wife alimony of one hundred dollars per month.    Being dissatisfied with the award, the wife has prosecuted this appeal, and asks that the amount be increased.    Her counsel succinctly said:

''The sole issue on appeal is whether the alimony award of $100 was correct and supported by a preponderance of evidence.''

There is no necessity to detail all the facts concerning the marriage and the separation.    The record

---

[1] The ground for divorce was that the parties had lived separate and apart for three consecutive years, etc.  See the 7th ground for divorce in § 34-1202, Ark. Stats. (1947).

shows that the wife has previously received substantial sums by way of property settlement, and that at the time of the trial the husband had a net monthly income of only $315.02 after deductions; and from this $315.02 he was to pay the appellant the alimony of $100 per month. From the testimony in this record, it appears that the wife needs more money; if the husband's income were greater, then a larger award would be justified. The court has power to modify the award under a showing of changed circumstances.[2] On the record now before us, however, we cannot say that the chancery court abused judicial discretion in fixing the alimony at $100 per month. In *Lewis* v. *Lewis*, 202 Ark. 740, 151 S. W. 2d 998 the sole question on appeal was, as here, the amount of alimony award; and we there said:

"This court has many times announced the rule that in fixing the amount of alimony to be awarded a wide discretion rests with the trial court and unless there appears to be a clear abuse in the exercise of this discretion it will not be disturbed by this court. In fixing the amount of alimony, of foremost consideration is the ability of the husband to pay. Consideration should also be given to the station in life of the parties . . . ."

We adjudge all costs against the husband; but we decline to allow additional attorneys' fees. Affirmed.

---

[2] *Holmes* v. *Holmes*, 186 Ark. 251, 53 S. W. 2d 226; *Boniface* v. *Boniface*, 179 Ark. 738, 17 S. W. 2d 897; *Green* v. *Green*, 168 Ark. 937, 272 S. W. 655.