CHILDERS v. CHILDERS.

5-1559                              313 S. W. 2d 75

Opinion delivered May 12, 1958.

[Rehearing denied June 2, 1958.]

*Wm. C. Jenkins & Herrn Northcutt,* for appellant.

*Green & Green,* West Plains, Mo.; *Oscar E. Ellis,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, Roy L. Childers, secured a divorce from his wife, Lucille L. Childers, in Mammoth Spring, Arkansas, October 8, 1957 under our three year separation statute (Sec. 34-1202 Ark. Stats. 1947). He had moved from Thayer, Missouri, to Mammoth Spring, Arkansas, in October 1956 and resided there since. He and his wife had lived together at Thayer, Missouri, for approximately 25 years, but had not lived together as man and wife since 1953. The parties are each 49 years of age. Two children, a minor daughter, Alberta Sue, who will be 18 years of age June 30, 1958, and a married son, 22, were born to this marriage.

In the divorce decree Mrs. Childers, appellee, was awarded use of the homestead, which they own as tenants by the entirety, at Thayer, Missouri, together with the furniture and household goods (until further orders of the court), $30 per month alimony for her support, $35 per month for the use and benefit of their minor daughter in addition to $55 per month the daughter was receiving from the rental of a salvage yard, which they also own as tenants by the entirety, and attorney's fee of $200 for appellee's counsel. From that decree comes this appeal.

For reversal appellant relies on these points: "1. The court did not take proper consideration of the appellant's financial and physical condition in the award to the appellee and the child of the parties hereto and therefore there is an abuse of discretion. 2. In award of attorney's fee for counsel for the appellee proper consideration was not given to the financial and physical condition of the appellant and therefore there is an abuse of discretion. 3. The court should have determined the property rights of appellant and appellee."

The evidence showed that all the real property owned by the parties was as tenants by the entirety and consisted of the home in Thayer, Missouri, of approximate value of $10,000 and the salvage yard worth about $6,500. Mrs. Childers testified that her husband, according to a bank deposit book in evidence made deposits covering the period from February 2, 1952 to and including June 3, 1952, of approximately $9,950 (prior to the separation in 1953), or an average of about $1,990 per month over this 5 month period. It appears that these deposits represented gross receipts from appellant's salvage yard and the expenses of operation are not shown.

Appellee further testified: (appellant's abstract) "the salvage lot was covered with salvage when he gave me $2,000 in July 1952; he continually sold salvage after that but never gave me anything after the $2,000; I had the children in the home and the cost of living was high during that time; the boy is 22, married, and the daughter 17, a senior in high school; she gets $55 from the rent of the yard; not a penny was given for son's upkeep and I paid his hospital bill out of the $2,000; I have had to help the girl as $55 is not enough to support her; he gave the boy a car and $5.00 weekly allowance and I had to pay the insurance and tires; I have used very little of the $2,000 for myself; I have had the utility bills, upkeep and repairs on the house to pay myself and I have had very little money for myself . . . I do not think he divided the money in half; he gave me $2,000 before he left home and has sold scrap iron, a lot of radios, batteries and tin since that . . . The only real estate we own is the home and the salvage lot; I do not have any first hand knowledge of the appellant's business income; I think it will take $75.00 to $100.00 to support our daughter; her expenses this month and last have been very high, our daughter is a senior in high school, my average earnings for the past year has been $30 to $40, I work only part time and try to be at home when our daughter is there . . ."

Appellant testified (appellant's abstract) "I sold my brother what was on the salvage yard for $2,000 and leased the property with him for $35 per month, he paid

$900 and owed $1,100, the arrangements were made to pay my daughter $55 a month, this being $35 a month from the lease and payments from the $1,100 owed; I gave it to my daughter and added $1,000 to it and I got nothing at all out of the deal in 1952; my wife has had the use of the home all of the time and bonds in the amount of $500 or $600, all bonds being made to me or her or to the children and she now has possession of such bonds, I gave to daughter the receipts of the scrap-iron." He further testified that he was averaging about $85 per month as a part time welder; that he had received a back injury that prevented his working full time. His employer corroborated this testimony. Mrs. Childers testified that she did not know what he was earning.

The allowance of alimony and child support in cases of this nature is largely within the sound discretion of the trial court: "The amount to be allowed as alimony is within the sound discretion of the trial court; and all the circumstances of the particular case should be considered in fixing it, such as the husband's ability to pay, the station in life of the parties, and the conduct of the wife bearing upon the cause of separation." *Johnson* v. *Johnson,* 165 Ark. 195, 263 S. W. 379. After a careful review of all the evidence, we have concluded that the preponderance of the evidence is not against the trial court's allowance of $30 per month to appellee as alimony, in addition to the property and other allowances to her and their daughter, Alberta Sue. While of foremost consideration is the husband's ability to pay (See *Coltharp* v. *Coltharp,* 218 Ark. 215, 235 S. W. 2d 884), the appellant here will be relieved of any legal obligation to support his daughter after she reaches her majority in June 1958, when she will be 18 years of age; "Ordinarily the legal obligation of a parent to support a normal child ceases upon majority of the child," *Worthington* v. *Worthington,* 207 Ark. 185, 179 S. W. 2d 648. Obviously appellant will be in a better position to pay the $30 monthly alimony awarded his wife when he is relieved of the $35 monthly payment to his daughter, out of his earnings.

Our rule is well established that the court may in its discretion award the homestead property, owned by the entirety, to the wife for her use and occupancy for her life subject only to the right of survivorship of the husband. See *McClain* v. *McClain*, 222 Ark. 729, 263 S. W. 2d 911.

We find no error in the allowance of $200 for attorney's fee.

We conclude, therefore, that, while the allowances —especially to the daughter—were somewhat liberal, the evidence does not warrant a finding by this court, at this time, that the decree and findings of the trial court were against the preponderance of the evidence.

Affirmed.

WARD, J., dissents.