DENNIS *v*. DENNIS

5-3569                                              389 S. W. 2d 631

Opinion Delivered May 3, 1965.

*Parker Parker* for appellant.

*C. R. George* for appellee.

GEORGE ROSE SMITH, J. This is a divorce suit brought by the appellee, Betty Dennis, to whom the chancellor awarded a divorce on the ground of personal indignities. An appeal and cross appeal present a number of questions for review.

The appellant's principal contention is that the court should have awarded him a divorce on the ground of adultery. He filed a counterclaim bringing a corespondent into the case and offered much testimony tending to establish an adulterous relationship between Betty Dennis and this man. This testimony is contradicted by at least an equal number of witnesses who took the stand in Betty's behalf. Significantly, one of Betty's most loyal defenders was the wife of her supposed paramour. It would add nothing either to the strength of this opinion or to its usefulness as a precedent for us to detail the conflicting testimony upon this hotly contested issue. The question is essentially one of fact, upon which the conflicting proof is about as nearly evenly balanced as it could be. Unquestionably some of the testimony on one side or the other was deliberately false. In this situation we defer to the chancellor's judgment, for his opportunity to observe the witnesses at firsthand put him in a position that is immeasurably superior to ours. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517.

Our decision upon this first point goes far toward answering the appellant's contentions that the court should not have awarded Betty either a divorce or the custody of the couple's three-year-old son. Dennis undoubtedly was extremely jealous of his wife. He not only accused her of infidelity but also made the same charge in conversations with friends. Such unfounded assertions were in themselves indignities justifying a dissolution of the marriage. *Relaford* v. *Relaford,* 235 Ark. 325, 359 S. W. 2d 801. And

if in fact Betty is a woman of fine character, as her proof indicates, the chancellor was right in giving her the care of a child of tender years.

Both litigants are dissatisfied with the chancellor's dceision to permit the appellee to occupy the family home near Danville as long as she remains unremarried. Dennis thinks this property should have been sold and the proceeds divided. There is persuasive proof, however, that Betty used funds from her first husband's estate to contribute at least her full share toward the purchase of the property. In any event we should be reluctant to disturb the chancellor's conclusion to award the possession of the homestead to the wife. *Childers* v. *Childers,* 229 Ark. 11, 313 S. W. 2d 75. Betty complains of the fact that her right to occupy the property will terminate if she remarries, but we certainly cannot say that the appellant is under a duty to contribute toward furnishing a home for the appellee's third husband if she should decide to marry again.

The appellee insists that the chancellor's allowance of $80 a month as alimony and child support is inadequate. We reject this contention. Dennis has an income of only about $5,000 a year, out of which he must pay $50 a month to his first wife. Betty receives Social Security payments for the benefit of her children by her first marriage, of more than $250 a month. She also has some income of her own and will be entitled to occupy the homestead rent-free as long as she remains single. In the circumstances the chancellor's allowance of alimony was as generous as it should be.

We affirm the decree and allow the appellee's counsel an additional fee of $350 for his services in the case.