JERRY L. HOYT *v.* SALLY HOYT

5-5336                                                         459 S. W. 2d 65

Opinion delivered October 26, 1970

*Curtis L. Ridgway, Jr.,* for appellant.

*Anderson & Slagle,* for appellee.

GEORGE ROSE SMITH, Justice. This is a divorce suit brought by the appellee, Sally Hoyt. The parties were married in 1955 and separated in 1969. In the trial court the appellee was granted a divorce on the ground of adultery (about which the testimony is uncontradicted). The appellee was awarded custody of the couple's three children, aged 12, 10, and 7. By stipulation the parties agreed upon, and the chancellor approved, a division

of their property. The only contested issue on appeal is the amount of alimony and child support to be paid to the appellee. The chancellor allowed Mrs. Hoyt $500 a month as alimony and $500 a month as child support. The appellant insists that those allowances are excessive and should be reduced to a total of $800 a month.

We have consistently recognized the chancellor's wide discretion in such a matter. Proper consideration should be given to the financial condition of the parties and to their conduct. We disturb the chancellor's decision only if we find an abuse of discretion. *Wiles* v. *Wiles,* 246 Ark. 289, 437 S. W. 2d 792.

The appellant is a physician who began practicing in Hot Springs eight years before the case was tried. Despite his testimony that he and his wife had lived beyond their income, Dr. Hoyt admitted that during the eight years he had accumulated a net worth of more than $110,000, though he states that his mother furnished him with loans totaling $23,000. In 1969 the doctor's net income, after taxes, was about $24,000. If personal exemptions and unfunded depreciation are added to that figure, it appears that Dr. Hoyt had about $32,000 of spendable income in that year.

Mrs. Hoyt will have to maintain herself and three sons. She testified that her total expenses, which she itemized in detail, amount to about $1,450 a month. The chancellor quite rightly pointed out that here, as in most such cases, there is not enough money to go around. When we compare the wife's demonstrated needs with the husband's available income, we find no abuse of discretion in the trial court's allowances. The decree must therefore be affirmed, with an attorney's fee of $750 to the appellee for the services of her counsel in this court.

Affirmed.