O. K. BOWER *v.* THELMA L. BOWER

5-5813                    476 S.W. 2d 8

Opinion delivered February 14, 1972

*James B. Blair,* for appellant.

*Jones & Segers,* for appellee.

GEORGE ROSE SMITH, Justice. This is a divorce case. The parties were married in 1924, were divorced in Illinois in 1959, remarried in 1961, and again separated on October 24, 1962. In 1963 Mrs. Bower obtained a decree of separate maintenance. In 1970 Dr. Bower filed the present suit for divorce, on the ground of three years separation. By counterclaim Mrs. Bower sought a divorce, for general indignities. The chancellor awarded the divorce to Dr. Bower, upon the ground of three years separation. The court found, however, that Dr. Bower was at fault in causing the separation. An award of alimony was accordingly made to Mrs. Bower.

It is established by the weight of the evidence that on more than one occasion Dr. Bower falsely accused his wife of having been intimate with other men. Such conduct is a ground for divorce, *Relaford* v. *Relaford,* 235 Ark. 325, 359 S. W. 2d 801 (1962), and, *a fortiori,* for a separation. The appellant is mistaken in arguing that the proof of his accusations was inadmissible, for the asserted reasons that the accusations were made (a) after the separation and (b) more than five years before this suit was filed. We rejected both those contentions in *Alexander* v. *Alexander,* 227 Ark. 938, 302 S. W. 2d 781 (1957), holding the evidence to be admissible on the issue of whose fault caused the separation. It follows that the chancellor was not in error in finding that Dr. Bower was the party at fault in this case.

Nor can we sustain the appellant's argument that the court should not have allowed Mrs. Bower any alimony at all. Not only was it shown that Dr. Bower was at fault; there is no proof at all of any fault on Mrs. Bower's part. At the time of the trial she was almost sixty-five years old and was not trained to earn a livelihood. Dr. Bower had an income of about $9,000 a year and had recently received an inheritance valued at some $40,000. We find the decision to award alimony to be fully supported by the record. The appellee is allowed

an additional attorney's fee of $500 in connection with this appeal.

Affirmed.