TALMADGE HOWARD *v.* PAULINE S. HOWARD

5-5829                                         477 S.W. 2d 838

Opinion delivered March 20, 1972

*Bailey, Trimble, Holt & Thomas,* for appellant.

*Spitzberg, Mitchell & Hays,* for appellee.

CONLEY BYRD, Justice. Appellant Talmadge Howard appeals from that portion of a divorce decree in favor of appellee Pauline S. Howard which awarded her $200 per month alimony and possession of the home owned by the entirety, and required him to make the monthly mortgage payments, including principal, interest, taxes and insurance, in the amount of $97.60.

The record shows that the parties had lived together as husband and wife for more than 30 years. They had three children, two of whom were married and self sustaining. The other child, a girl age 20, was a student at Henderson College.

The husband testified that his gross monthly income, exclusive of an annual bonus, was $1,119.11 and that his take home pay was $850.00. His bonus is based on meeting company quotas. His last annual bonus was

$1,217 with a net take home bonus of $843.77. In addition to his own personal expenses he spends approximately $2,000 per year on his daughter's college education.

The wife testified that she had a gross income of $125 per week with a take home pay of approximately $450 per month. The wife also has some bonus income.

We cannot say that the chancellor erred in awarding appellee the possession of the family homestead so long as she remains unmarried and uses the same as her residence, *Schaefer* v. *Schaefer*, 235 Ark. 870, 326 S. W. 2d 444 (1962). However it appears to us that the alimony award was excessive.

When the $200 per month alimony and the $97.60 house payment are added to the wife's $450 per month income, she will have a total of $747.60 for living purposes. When the same amounts are subtracted from the husband's $850 per month income, he will be left with only $552.40 per month for living expenses, from which he is paying the daughter's college education. Thus we conclude that an award of alimony in the amount of $150 per month is adequate and that the wife should assume the mortgage payments on the homestead as long as she remains in possession.

An award of $250 is awarded to appellee to be applied on counsel fees.

Affirmed as modified.