CHRIS LAMBERT Jr. AND ASSOCIATES, INC., AND EELENA HAYS, D/B/A/ SNELLING & SNELLING AGENCY v. SNELLING AND SNELLING, INC

5-6165                                    490 S.W. 2d 116

Opinion delivered February 12, 1973

*Kenneth C. Coffelt,* for appellants.

*Smith, Williams, Friday, Eldridge & Clark,* by: *Frederick S. Usery,* for appellee.

FRANK HOLT, Justice. Appellee initiated this action to enjoin the appellants, an employment agency, from further use of appellee's trade name, "Snelling and Snelling." By a written franchise agreement, the appellants had the exclusive right to use the appellee's trade name and be identified as a member of its national system. After appellants' use of this trade name for approximately 5 years, the appellee cancelled the franchise agree-

ment asserting various violations. Appellants denied any violations of the agreement and by counter-claim sought damages for the wrongful cancellation of the agreement. The chancellor found that the appellants had breached the franchise agreement with appellee and, also, that the appellee had "lawfully terminated said license and franchise agreement according to the terms thereof." Accordingly, the court enjoined the appellants from using the trade name and dismissed appellants' counter-claim for damages. All pleadings were considered amended to conform to the proof. For reversal appellants contend that the chancellor's findings and order are clearly against the preponderance of the competent evidence. In our view the chancellor was correct.

It is undisputed that a written notice of cancellation of the agreements was given by appellee and received by the appellants. The notice was in accordance with the terms of the contract. Various violations were enumerated. Also, at the trial it was stated without objection that another reason for the cancellation was the "refusal of the defendant [appellants] to show the books." Paragraph 4 (g) of the written agreement provides that "all records and books of account maintained by Licensee [appellants] with respect to Licensee's business shall be open to inspection by" appellee. Appellee's Director of National Supervisors testified without contradiction that he personally requested appellants' manager, Mrs. Hays, to permit him "to inspect her books." She replied that she didn't have them. "However, she agreed the next morning she would pick me up and take me to the airport and bring them at that time. . . . The next morning she never showed, so I never got the material." He, also, testified that when he made a request at her office "to inspect the books," she said, "[T]hey are not available because of recent burglaries." He further testified that according to the building manager, "he knew of no recent burglaries at all." Mrs. Hays, however, testified that "we had missing things" from the office and that "every office in that building had things missing." It appears that appellee's request for inspection of the books and records was never disputed. We deem it unnecessary to discuss appellee's other alleged violations of the agreement inasmuch as the recited conflicting and inconsistent evidence is sufficient to sustain the chancellor's findings.

It is well established that a chancellor's decree will not be reversed upon appeal unless it is demonstrated that his findings are against the preponderance of the evidence. *Dennis* v. *Dennis,* 239 Ark. 384, 389 S.W. 2d 631 (1965). The chancellor is in a better position to evaluate the witnesses, their interests, inconsistent and conflicting testimony since he hears and observes them.

The contract was properly cancelled and, therefore, appellants' claim for damages is no longer an issue.

Affirmed.