## Ellayne M. KNOPF *v.* Herbert W. KNOPF

78-193                                                    576 S.W. 2d 193

### Opinion delivered January 29, 1979
### (Division II)

*Patten, Brown, Leslie & Davidson,* for appellant.

*Friday, Eldredge & Clark,* by: *Frederick S. Ursery,* for appellee.

FRANK HOLT, Justice. Appellant and appellee each sought a divorce from the other. The chancellor granted appellant the divorce although he found both parties at fault. All jointly owned property was divided or sold and the proceeds divided. Appellant was awarded $150 a month alimony. The chancellor denied her any interest in apppellee's railroad pensions. On appeal she first contends

that the chancellor erred in the division of the property in not allocating to her a portion of appellee's vested benefits under his two pension plans. Appellant argues that since some benefits are absolutely vested, subject only to time of payment, a present property right exists because it will eventually be paid to him or his beneficiaries or estate. Appellee is 50 years of age. He will not be entitled to receive his railroad retirement benefits until he attains the age of 65 or until an occupational disability occurs. In other words, none of the assets of the pension plans are presently available to him and will not be until he establishes retirement eligibility. It appears these pension funds are not assignable.

Although appellant insists that she is entitled to 1/3 of the presently vested portion of appellee's pension funds in the division of their property rights, she recognizes our recent case of *Fenney* v. *Fenney*, 259 Ark. 858, 537 S.W. 2d 367 (1976), where we considered a similar issue with respect to armed forces retirement pay constituting personal property. There we said:

> We do not consider the right to receive retirement pay from the armed forces to be personal property within the meaning of Ark. Stat. Ann. § 34-1214, *supra.* The right to a pension and retirement pay, not yet due and payable, cannot be assigned, sold, transferred, conveyed or pledged. See *In re Marriage of Ellis,* 538 P. 2d 1347 (Colo. App. 1975).

Even so, appellant argues that we should reconsider this decision on the question of pension funds constituting property when, as here, there is a vested right although payable in the future upon retirement, disability or death of the employee. As in *Fenney* we are cited to several decisions from other states which have community property laws. We adhere to our decision. See also *Lowrey* v. *Lowrey,* 260 Ark. 128, 538 S.W. 2d 36 (1976).

We do agree with appellant's contention that the award of $150 a month alimony to her is insufficient. The amount awarded for support must, in each case, depend upon the particular facts of that case. *Dean* v. *Dean,* 222 Ark. 219, 258

S.W. 2d 54 (1953). Here the parties were married 27 years. She is 47 years of age and has worked 16 1/2 years of the marriage, contributing her earnings toward family expenses and their three children, who are now grown and married. She was awarded the majority of the parties' household goods and furnishings, the family car and 1/3 of appellee's life insurance cash value. She and appellee each were awarded 1/2 of the parties' 45 shares of Mo-Pac stock, 1/2 of three or four $75 U.S. Savings Bonds, purchased through deductions from appellee's payroll, and 1/2 of the equity in the parties' home, which was sold prior to the entry of the decree. Appellant suffers from hypertension, low potassium, allergies, heart irregularities, asthmatic attacks and takes daily medication. She is unable to take employment which requires her to stand on her feet and has had no job offers locally. She has a tentative offer of employment in Dallas at $575 to $625 a month. In 1975 appellant earned $7,430 — in 1976, $3,104 — and less than $500 in 1977. She itemized her necessary monthly expenses at $798.18. According to appellant, such items as groceries, gasoline and drugs, totaling about $230 a month, would be reduced approximately $120 when their 20 year old daughter married in a few weeks. Appellee's gross salary in 1977 was $25,300. He receives an annual cost of living raise, which was 9% in 1977. It appears his net earnings at the time of trial were $1,585 per month and estimated living expenses were $1,465. His vested pension benefits are estimated at a minimum of $6,130. He drives a company car and has an expense account. Appellant insists she should be awarded 30% of appellee's income.

We have not, and do not, approve a percentage of one's income as a standard to be awarded as alimony, although we did note in *Reagan v. Reagan*, 255 Ark. 458, 500 S.W. 2d 754 (1973), that the award there approached 30% of the husband's income. Here we hold that the appellant should receive an additional award of $100 per month alimony. The allowance is always subject to modification by the court upon application by either party. *Pledger v. Pledger*, 199 Ark. 604, 135 S.W. 2d 851 (1940).

Appellant's attorney is awarded $500 for his services on this appeal.

Affirmed as modified.

We agree: HARRIS, C.J., and FOGLEMAN and HICK-MAN, JJ.