Dunavant Mason BOYLES *v.* Doris
Cathryn Rowlett BOYLES

79-276                                               594 S.W. 2d 17
Supreme Court of Arkansas
Opinion delivered February 25, 1980

*Jake Brick*, for appellant.

*Clint Saxton of Rubens, Rubens & Saxton*, for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant seeks relief from the payment of alimony awarded by the chancery court in a decree entered May 1, 1969, on the basis that Ark. Stat. Ann. § 34-1211 (Repl. 1962) is unconstitutional in the light of the decision of the United States Supreme Court in *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979), and that of this court in *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475. The chancery court denied appellant this relief because his plea of unconstitutionality was too late to take advantage of the cases upon which he relies. We agree and affirm.

Appellee was granted a divorce from appellant by decree dated May 1, 1969. In that decree, appellant was ordered to pay $400 per month as alimony. At the time of the award, it could only have been based upon Ark. Stat. Ann. § 34-1211, because the inherent powers of a chancery court to award alimony had certainly not developed beyond an early embryonic stage. The record on appeal begins with that decree, but we feel confident in saying that appellant did not then raise the issue of unconstitutionality of the statute. Not only

are his own subsequent pleadings indicative of the fact that he had not raised this question, but the decree from which this appeal arises contains a recital that appellant had not questioned the constitutionality of the statute prior to March 7, 1979. If the recital of the decree was not correct, we are confident appellant would have produced a record which demonstrated error in that statement. It was his burden to do so. *Jones* v. *Reed*, 267 Ark. 237, 590 S.W. 2d 6 (1979).

On January 22, 1979, the chancery court entered an order awarding appellee judgment for $1,800 arrearages in alimony payments, modifying the decree to reduce the alimony to $300 per month, holding appellant in contempt for failure to comply with an order of May 18, 1977 (not abstracted if it is included in the record), and ordering appellant to appear before the court on March 7, 1979, for sentencing on the finding of contempt. We can safely deduce that appellant had not, prior to the order of January 22, 1979, questioned the constitutionality of the statute. He raised the cry of unconstitutionality as closely on the heels of the decision in *Orr* on March 5, 1979, as one might be expected to react to that decision, by filing his petition for reconsideration of all the court's orders pertaining to alimony on March 7, 1979. The chancery court continued the matter until April 18, 1979, the date on which the decree before us on appeal was rendered. It appears from the decree that appellant had filed a motion on April 16, 1979, for review of the orders of the chancery court concerning the allowance of alimony. That motion is not abstracted but the decree reveals that appellant pleaded that Ark. Stat. Ann. § 34-1211 was unconstitutional under the *Orr* decision because the statute provided only for the payment of alimony to the wife and made no provision for a needy husband. It is also clear from the decree that appellant asked that he be relieved of either the future payments ordered by the chancery court on January 22, 1979 or the arrearages in regard to alimony, or both.

The chancellor held that § 34-1211 was unconstitutional under *Orr* because, by imposing alimony obligations on husbands, but not wives, it violated the equal protection clause of the Fourteenth Amendment of the United States Constitution. Any doubt about the correctness of that deci-

sion has been laid to rest by our decision in *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 21 (1980). The chancellor held, however, that the order of January 22, 1979, was binding upon appellant by reason of his failure to raise the question of constitutionality prior to the entry of that order.

We have no hesitation in holding that the chancery court ruled correctly. Appellant's argument that an unconstitutional statute is void from the date of its enactment is actually beside the point. The reason is that rights under an unconstitutional statute may have become vested. Certainly, where a judgment is based upon rights conferred by a statute later declared unconstitutional, the doctrine of res judicata bars the relitigation of the case in which it was rendered, or the reopening of the judgment after it has become final. *Chicot County Drainage District* v. *Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329 (1940).

We recognize that, if the rights of appellee were dependent solely on the statute, she might have no vested rights, because we have held that no rights can be predicated upon an unconstitutional statute, because it must be treated as if it had never been passed. *Road Improvement District No. 4* v. *Burkett*, 163 Ark. 578, 260 S.W. 718; *Morgan* v. *Cook*, 211 Ark. 755, 202 S.W. 2d 355; *State* v. *Williams-Echols Dry Goods Co.,* 176 Ark. 324, 3 S.W. 2d 340; *Cochran* v. *Cobb*, 43 Ark. 180. In this case, however, appellee's rights were vested by a decree of the chancery court, not by the statute, so the holdings in cases just cited are not controlling. The issue actually turns upon the effect of the chancery court decrees and orders.

Appellant recognizes the impact of the doctrine of res judicata, but argues that it is inapplicable, because alimony is a continuous allotment of sums, payable by a husband at stated and proper times, for the support of a wife, from year to year, continuing only during the joint lives of the parties or until the wife marries again, which should be reasonable and certain, having in regard her station in life, and his estate and income, but that it was always, and is now, subject to modification because of changed circumstances. See *Birnstill* v. *Birnstill*, 218 Ark. 130, 234 S.W. 2d 757. Appellant takes

the position that, since the award of alimony becomes a judgment only after judgment has been rendered for delinquency in payment, it cannot be res judicata, as to future installments of alimony. In his case, he contends that the decree for alimony is not res judicata, at least as to installments coming due after April 16, 1979, when he squarely raised the constitutional issue.

It is quite clear that in both *Orr* and *Hatcher* it was recognized that not every decree for the payment of alimony would be invalidated by the decision in *Orr*. The decree in *Orr* itself was remanded in order that the Alabama courts might decide whether any grounds of gender neutral state law bound the husband to continue the alimony payments involved there.

It would be grossly inequitable to strike the provision for alimony from a decree such as the one before us now, where the allowance of alimony was but one element, which undoubtedly was arrived at after taking into consideration the fact that appellee was also awarded one-third of appellant's personal property and possession of all household furniture and a dwelling house or property held by the parties as an estate by the entirety. In fixing the amount of alimony, the courts consider many factors. Among them are the financial circumstances of both parties, the financial needs and obligations of both the couple's past standard of living, the value of jointly owned property, the amount and nature of the income, both current and anticipated, of both husband and wife, the extent and nature of the resources and assets of each of the parties, the amount of income of each that is "spendable," the amounts which, after entry of the decree, will be available to each of the parties for the payment of living expenses, the earning ability and capacity of both husband and wife, property awarded or given to one of the parties, either by the court or the other party, the disposition made of the homestead or jointly owned property, the condition of health and medical needs of both husband and wife, the relative fault of the parties and their conduct, both before and after separation, in relation to the marital status, to each other and to the property of one or the other or both, the duration of the marriage and even the amount of child support. *Evans* v.

*Evans*, 263 Ark. 291, 564 S.W. 2d 505; *Raney* v. *Raney*, 262 Ark. 747, 561 S.W. 2d 287; *Reagan* v. *Reagan*, 255 Ark. 458, 500 S.W. 2d 754; *Rose* v. *Rose*, 254 Ark. 605, 495 S.W. 2d 524; *Bower* v. *Bower*, 251 Ark. 953, 476 S.W. 2d 8; *Lewis* v. *Lewis*, 255 Ark. 583, 502 S.W. 2d 505; *Dingledine* v. *Dingledine*, 258 Ark. 204, 523 S.W. 2d 189; *Knopf* v. *Knopf*, 264 Ark. 946, 576 S.W. 2d 193; *Lewis* v. *Lewis*, 202 Ark. 740, 151 S.W. 2d 998; *Johnson* v. *Johnson*, 165 Ark. 195, 263 S.W. 379; *Howard* v. *Howard*, 252 Ark. 189, 477 S.W. 2d 838; *Dennis* v. *Dennis*, 239 Ark. 384, 389 S.W. 2d 631; *White* v. *White*, 228 Ark. 732, 310 S.W. 2d 216; *Webb* v. *Webb*, 262 Ark. 461, 557 S.W. 2d 878; *Kelly* v. *Kelly*, 264 Ark. 865, 575 S.W. 2d 672; *Alexander* v. *Alexander*, 241 Ark. 741, 410 S.W. 2d 136; *Riegler* v. *Riegler*, 243 Ark. 113, 419 S.W. 2d 311; *Mickle* v. *Mickle*, 252 Ark. 468, 479 S.W. 2d 563; *Berger* v. *Berger*, 222 Ark. 463, 261 S.W. 2d 259; *Ray* v. *Ray*, 192 Ark. 660, 93 S.W. 2d 665; *Strang* v. *Strang*, 258 Ark. 139, 523 S.W. 2d 887; *Foster* v. *Foster*, 216 Ark. 76, 224 S.W. 2d 47; *Hoyt* v. *Hoyt*, 249 Ark. 266, 459 S.W. 2d 65; *Childers* v. *Childers*, 229 Ark. 11, 313 S.W. 2d 75; *Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W. 2d 339. The factors named are not all those that may properly be considered but they are illustrative of the fact that there is an interrelationship between all the issues in a divorce, and the circumstances considered are not all gender based. The award of alimony is only one of the factors.

A relationship between alimony and property division has been at least tacitly recognized in many cases. See, *Childers* v. *Childers*, supra; *Riegler* v. *Riegler*, supra; *Strang* v. *Strang*, supra; *Dennis* v. *Dennis*, supra; *Knopf* v. *Knopf*, supra. That relationship is quite apparent in cases in which allowances of alimony have been made, denied or influenced by reason of concealment of assets, or their disposition, by one party or the other. See *Berger* v. *Berger*, supra; *Rose* v. *Rose*, supra. It is also obvious where the amount received by a wife in a previous property settlement was considered in deciding whether there was an abuse of the trial court's discretion in fixing the amount allowed for alimony. See *Foster* v. *Foster*, supra; *Ray* v. *Ray*, supra. Extraction of alimony from a previous decree after expiration of the term in which it was rendered would be exceedingly difficult.

It is true that an award of alimony is neither a final decree, in the sense that an execution may be issued or that it becomes a lien on real estate, nor a final determination of the rights of the parties, in the sense that it prevents review should there be a change in the circumstances of the parties. *Jones* v. *Jones*, 204 Ark. 654, 163 S.W. 2d 528. The chancery court may modify an award of alimony from time to time, but the power is to be exercised to meet changes in the relative circumstances of the parties. *Warren* v. *Warren*, 215 Ark. 567, 221 S.W. 2d 407. If there is no change in the situation of the parties, the court has no power to act. 2A Nelson, Divorce & Annulment, 51 and 52, § 17.07. Thus, we consider a decree for alimony to be res judicata on the circumstances prevailing at the time of the decree. This was indicated very early in this court's consideration, in *Bauman* v. *Bauman*, 18 Ark. 320, 68 Am. Dec. 171, of a wife's contention that the alimony allowance made to her in a divorce decree was inadequate. This court said that, insofar as alteration of the original decree upon the ground that the allowances of alimony and child support were meager and inadequate, no foundation was laid for relief, because if there were any ground for relief, it ought to have been, but was not, raised on appeal. This rule was followed in *Wood* v. *Wood*, 59 Ark. 441, 27 S.W. 641, where the court held the decree for alimony, which was determined by the court by hearing the evidence, to be conclusive as to the sufficiency of the allowance. It is true that the question was raised in both these cases by bill of review, but the same position has been taken by this court in cases where a wife sought to obtain alimony after she did not seek, or was not allowed, alimony in the original proceeding in which a decree of divorce was entered in her favor. See *Ellis* v. *Ellis*, 220 Ark. 639, 249 S.W. 2d 302; cf. *Taylor* v. *Taylor*, 153 Ark. 206, 240 S.W. 6; *Nelson* v. *Nelson*, 146 Ark. 362, 225 S.W. 619 (overruled on another point). The basis for such holdings is that the decree was res judicata as to everything which might have been litigated when the divorce was granted. It is usually held that a decree for alimony is binding and conclusive on the parties as to the amount of alimony as to all conditions or facts existing when it was rendered. 24 Am. Jur. 2d 778, Divorce & Separation § 662; 27B CJS 69, Divorce § 251(4); *Bates* v. *Bodie*, 245 U.S. 520, 38 S. Ct. 182, 62 L. Ed. 444, LRA 1918 C 355 (1918); 2 Nelson, Divorce & Annulment 100, §

14.73; 2A Nelson, Divorce & Annulment 6, § 17.01.

It is only by reason of statute that the amount of alimony may be altered in this state. See Ark. Stat. Ann. § 34-1213 (Repl. 1962); 2A Nelson, Divorce & Annulment 6, § 17.01. It has been made clear, however, that when a decree is entered fixing and allowing alimony, that decree limits and defines the extent of the husband's obligation, subject to the power of the court to increase or decrease the amount to meet the changed situation and condition of the parties. *Pledger* v. *Pledger*, 199 Ark. 604, 135 S.W. 2d 851. The burden of showing changes in circumstances justifying a change in the amount is always upon the party seeking the change. *Riegler* v. *Riegler*, 246 Ark. 434, 438 S.W. 2d 468; *Hurley* v. *Hurley*, 255 Ark. 68, 498 S.W. 2d 887. The reason, of course, is the conclusive effect of the original decree as to the circumstances existing at that time. Furthermore, we said in *Hurley* that the liberality of the allowance in the original decree is not a ground for modification. This, too, is recognition of the conclusive effect of the original decree. "Change of circumstances" clearly means changes in the situation or condition of the parties. It does not include changes which do not relate to the situation, conditions or circumstances of the parties as to those factors which are pertinent in making an allowance of alimony. The decision in *Orr* was not such a change.

The decree is affirmed.