Freemont DEATON *v.* Patsy Fay DEATON

CA 83-137

668 S.W.2d 49

Court of Appeals of Arkansas
Division I
Opinion delivered April 25, 1984

*Charles P. Allen,* for appellant.

*Douglas Anderson,* for appellee.

James R. Cooper, Judge. In this divorce case the appellant alleges that the trial court erred in declaring the appellant's retirement fund to be marital property, in awarding a $1,200.00 attorney's fee, and in the manner the personal property was divided. We find no merit to any of the appellant's arguments, and therefore, we affirm.

Generally, the facts are not in dispute. Mr. Deaton has a retirement account with his employer, which the trial court found to be vested. There is scant evidence in the record concerning the retirement account, apparently because the appellant refused to furnish any information concerning the

account. We cannot say that the trial court erred in finding the retirement account to be vested and that, therefore, it was marital property. The appellant argues that such benefits which are vested but not currently due and payable are not marital property, and cites as authority for that proposition *Knopf* v. *Knopf*, 264 Ark. 946, 576 S.W.2d 193 (1979), and *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980). However, on January 30, 1984, the Arkansas Supreme Court decided *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984). In *Day*, the Court apparently overruled *Knopf* and *Sweeney*, and a number of other cases which were in accord with them. *See Day, supra,* (dissenting opinion). Therefore, we affirm the chancellor's finding that the plan constituted marital property, and that Mrs. Deaton was entitled to one half of it. The decree, however, should be modified so as to provide that the value of her interest is fixed as of the date of the decree, and that any contributions made by Mr. Deaton after the date of the decree will increase his portion of the retirement account and will accrue only to his benefit. The appellant should also be required to maintain Mrs. Deaton as beneficiary on her half of the account. Because the case at bar was decided before the decision in *Day, supra,* and because of the pending litigation concerning the pension plan, this case must be remanded to the trial court so that the dollar amount of the appellees' interest can be fixed as of the date of the divorce decree.

The second point raised by the appellant is that the chancellor erred in awarding additional attorney's fees. He bases this argument on the fact that the appellee did not provide any documentation as to the time spent on the case by her attorney. Attorney's fees are a matter for the discretion of the trial court, and, absent an abuse of discretion, we will not reverse his decision in that regard. In the case at bar, the chancellor had the opportunity to observe the parties and, as the chancellor noted, the appellant was extremely uncooperative in adhering to any of the court's orders. We find no abuse of discretion on the part of the chancellor. Further, this issue was not raised before the trial court nor was any documentation requested.

Finally, the appellant claims that the trial court erred in

basing his division of the personal property on the stated value rather than on fair market value. Since this point was not presented to the trial court, we will not consider it on appeal.

For the reasons stated earlier, the case is affirmed as modified, and remanded to the trial court for a determination as to the dollar amount of Mrs. Deaton's interest in the pension plan, in light of the standards set forth in *Day, supra*. The trial court shall retain jurisdiction of this matter so that amount can be fixed, and, in the event there is tax liability on the proceeds of the plan, those liabilities can be appropriately apportioned.

Affirmed as modified, and remanded.

MAYFIELD, C.J., and CRACRAFT, J., agree.