SLIP OPINION

Cite as 2015 Ark. App. 189

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–775

MICHAEL TRUCKS

APPELLANT

V.

LAUREEN G. TRUCKS

APPELLEE

Opinion Delivered MARCH 18, 2015

APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. DR–2013–272]

HONORABLE CRAIG HANNAH, JUDGE

AFFIRMED

**ROBERT J. GLADWIN, Chief Judge**

Appellant Michael Trucks appeals the June 10, 2014 decree of divorce entered by the White County Circuit Court in this divorce action, specifically the award of alimony in the amount of $600 per month for a period of thirty years. He argues that the circuit court abused its discretion in awarding alimony to appellee Laureen G. Trucks. We affirm.

Appellant and appellee were married for nearly sixteen years, although appellant admittedly spent significant periods of time away from the marital home due to his battle with drug and/or alcohol addiction. At some point, after several years of marriage, appellant moved to Arkansas and eventually filed for divorce. Appellee filed an answer and counterclaim for divorce against appellant, seeking alimony because of the marital debt she was currently paying, namely, an alleged promissory note ("note") the parties executed to appellee's mother in the amount of $100,000. The note was the only evidence of this alleged

debt, as appellee neither had her mother present to testify as to the alleged mortgage statement accompanying the note nor entered any bank statements into evidence showing the payments on the alleged note. Further, the note omitted the amount to be repaid and a maturity date, and appellant testified that he had neither seen the note nor the alleged mortgage statement and found that his signature was not the signature affixed to the note.

At the conclusion of the brief trial, the circuit court granted appellee a divorce based on the fault grounds of habitual drunkenness, drug abuse, and adultery. Despite the conflicting evidence regarding the parties' financial circumstances, the circuit court awarded appellee alimony in the amount of $600 per month for a period of thirty years, citing a financial need, and noting that appellant, despite his income level, had the ability to pay such award. The decree was filed on June 10, 2014, and appellant filed a timely notice of appeal on June 17, 2014.

Appellate courts in Arkansas review divorce cases de novo on the record. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007). The decision to grant alimony lies within the sound discretion of the circuit court and will not be reversed on appeal absent an abuse of discretion. *Stuart v. Stuart*, 2012 Ark. App. 458, 422 S.W.3d 147; Ark. Code Ann. § 9-12-312(a)(1) (Supp. 2013).

The circuit court is vested with great discretion regarding alimony; it is not set upon a mathematical formula because the need for flexibility outweighs the need for relative certainty. *Wadley v. Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411. Appellate courts will

2

defer to the superior position of the circuit court to judge the credibility of witnesses. *Taylor, supra.*

Division of marital property and the award of alimony are complementary devices that the trial court may employ to make the dissolution of a marriage financially equitable. *Yancy v. Yancy*, 2014 Ark. App. 256. Generally, the primary consideration in a decision to award alimony is the relationship between the needs of the payee spouse and the payor spouse's ability to pay. *Id.* An award of alimony lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.*

There are secondary factors that may also be considered. *Id.* In *Jones v. Jones*, 2014 Ark. App. 614, 447 S.W.3d 599, this court reiterated the factors set out in *Boyles v. Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980), wherein our supreme court echoed twelve other factors the courts should look to in determining whether alimony should be awarded and the amount to be awarded. The factors include: (1) the parties' financial circumstances; (2) the parties' past standard of living; (3) the value of jointly owned property; (4) the amount and nature of the parties' income, both current and anticipated; (5) the extent and nature of the resources and assets of each party; (6) the amount of income of each party that is spendable; (7) the earning ability and capacity to earn of the parties; (8) the property awarded or given to one of the parties, either by the court or the other party; (9) the disposition of the homestead; (10) the respective health and medical needs of the parties; (11) duration of the marriage; and (12) the amount of child support.

SLIP OPINION

Appellant contends that this award of alimony was punitive in nature, wholly unsupported by the evidence, and in violation of the most basic concepts related to the award of alimony. He claims that the circuit court clearly abused its discretion in both the amount and duration of its award and that these errors include: (1) finding he had the ability to pay alimony; (2) determining that appellee had a financial need for alimony; (3) factoring his marital misconduct into an award of alimony; (4) considering the alleged mortgage taken out by appellee's mother despite appellee's failure to present sufficient evidence; (5) failing to consider appellee's additional rental income received from her tenant; (6) miscalculating the length of time for which alimony was awarded related to the payment of the alleged note; and (7) relying on appellee's inconsistencies in her pleadings, testimony, and exhibits.

As to the primary factors, appellant's ability to pay and appellee's need for alimony, the circuit court was faced with a wealth of conflicting testimony. It is undisputed that appellant never submitted an affidavit of financial means, and testimony was not developed regarding his monthly expenses. He appears to have utilized appellee's affidavit of financial means as a baseline for speculating as to his possible monthly expenses. He also disputes her need for alimony, in particular questioning the note on the marital home that appellee was awarded. The testimony regarding that note and associated documents is, at best, contradictory. We reiterate that we give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Walls v. Walls*, 2014 Ark. App. 729, ___ S.W.3d ___.

SLIP OPINION

Appellant argues that the circuit court ignored all of the twelve factors discussed in *Jones*, fixing the amount of alimony solely focused on appellant's ability to pay and appellee's financial need. He urges that the circuit court's analysis is supported by little to no evidence, or conversely, that the evidence directly contradicts the circuit court's ultimate conclusions. The *Boyles* court did not make it mandatory for circuit courts to consider the enumerated factors, and other courts have said that these factors are factors that a court "may consider" in determining whether to award alimony. *See Butler v. Butler*, 2014 Ark. App. 507, 443 S.W.3d 585; *Mitchell v. Bass*, 2009 Ark. App. 640; *Mearns v. Mearns*, 58 Ark. App. 42, 946 S.W.2d 188 (1997). Although the circuit court did not discuss the enumerated factors in its order, each party argues that the evidence presented at trial tips the scales in his or her favor with respect to almost every factor. As our supreme court noted recently in *Brave v. Brave*, 2014 Ark. 175, at 10, 433 S.W.3d 227, 233, "[a]n award of alimony is a question that addresses itself to the sound discretion of the trial court. This court has held that the trial court can make an award of alimony that is reasonable under the circumstances." (Internal citations omitted.) Although the facts of this case would arguably support the denial of an award of alimony if that had occurred, it is not our duty under our standard of review to simply substitute our judgment for that of the circuit court, which was in a far better position to judge the credibility of the witnesses. *See Whitworth v. Whitworth*, 2009 Ark. App. 410, 319 S.W.3d 269. It is instead our duty to determine if the circuit court abused its discretion in making its findings regarding the award of alimony. Here, we hold that the circuit court has not abused its discretion.

5

Appellant also claims that the circuit court's decision to grant appellee alimony for a period of thirty years is clearly erroneous and an abuse of discretion. Citing the duration of the alleged mortgage as the reasoning for granting appellee support for thirty years, appellant urges that the circuit court wholly overlooked that the mortgage was taken out in 2007, which puts the remainder of the mortgage balance being paid over twenty-three years.

Appellee notes that in his analysis for awarding alimony for thirty years, the circuit court did say that period is how long appellee would be indebted. Appellee acknowledges that the circuit court may have been referring to appellee's testimony about the thirty-year mortgage to her mother and also admits that the evidence indicates that it was obtained in 2007, meaning that as of the final hearing there would have been approximately twenty-three years left to pay on the mortgage. We do not know if the circuit court awarded thirty years' alimony instead of twenty-three because the evidence showed that appellant did not contribute much financially before or after the mortgage was obtained and that appellee had been paying the mortgage by herself for the first seven years. Appellee maintains that if this were the case, it would not have been an abuse of discretion. Additionally, if appellant had made this argument before the circuit court, instead of for the first time on appeal, the circuit court could have clarified his intent and rationale behind the ruling.

The circuit court indicated that if appellant returned to court at a later date and was able to show that appellee was not paying the debt in question or could prove that she is no longer responsible for those debts, the term of alimony could be reduced. Modification of an award of alimony must be based on a change of circumstances of the parties. *Bettis v.*

*Bettis*, 100 Ark. App. 295, 267 S.W.3d 646 (2007). The burden of showing a change of circumstances is always on the party seeking the change in the amount of alimony. *Id.* If appellant subsequently were to petition the circuit court in the event appellee's mother dies and her house is sold and the mortgage is satisfied, the circuit court may reduce the term. Another example would be if appellant could later prove that the debt was paid in full in twenty-three years instead of thirty years, then the circuit court may reduce the term. The circuit court has the authority to set the duration of the award of alimony, subject to the parties' ability to petition for a subsequent modification based on a material change of circumstances, and his award here did not constitute an abuse of discretion.

Finally, although appellant contends that the alimony award operates as a punitive sanction, there is nothing in the record before us to indicate that the alimony award was meant to be punitive. The record does indicate that appellant admitted his addiction to drugs and alcohol and his time away in and out of drug rehabilitation for significant periods of time. Appellant testified that the parties spent a great deal of money during the marriage on his drug and alcohol addiction and that the parties also spent substantial marital funds on his legal expenses. There is evidence that appellant's addictions also played a role in how the parties allocated their marital and individual assets and debts, including the marital residence and retirement accounts. While there are acknowledgments by appellant that he had multiple girlfriends and a fiancée during the marriage, upon whom he spent marital funds, what is not found in the record is any indication that the circuit court awarded alimony to appellee because appellant was a "terrible husband." And although there is no indication that

the circuit court considered appellant's bad acts, he could have. While, ordinarily, fault or marital misconduct is not a factor in an award of alimony, it will be considered when it meaningfully relates to need or ability to pay. *Dykman v. Dykman*, 98 Ark. App. 145, 253 S.W.3d 23 (2007). While evidence in the record indicates that the probability that appellant's addictions and other detrimental behavior placed the parties in financial hardship that likely carried on past the date of divorce, there is simply no evidence to support the idea that the circuit court's alimony award was meant to be punitive.

Affirmed.

GLOVER and HOOFMAN, JJ., agree.

*Simpson, Simpson & Mercer*, by: *Justin G. Mercer*, for appellant.

*McKinney & McKinney, PLLC*, by: *Quincy W. McKinney*, for appellee.