Paul A. SCHMIDT *v.* Violet Rachel SCHMIDT

79-337                                596 S.W. 2d 690

Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Howell & Price, P.A.,* for appellant.

*Hoover, Jacobs & Storey,* for appellee.

RICHARD L. MAYS, Justice. On February 9, 1977, the Lonoke County Chancery Court entered a decree granting an absolute divorce to Violet Rachel Schmidt, appellee herein, from Paul A. Schmidt, appellant. Incorporated into the decree was a property settlement agreement which required appellant to pay to appellee $700.00 per month as alimony until appellee remarried or appellant's death. On February 6, 1979, the appellee filed a petition in Lonoke Chancery Court to require appellant to comply with the terms of the divorce decree concerning alimony payments, for a judgment against appellant for back alimony in the amount of $3,700 and for reasonable attorney's fees. At a hearing on the petition on May 3, 1979, arguing for the first time that the statute upon which alimony payments were based was unconstitutional, appellant objected to any further alimony payments and any

judgment for arrearages. The Chancellor disregarded the appellant's argument and ultimately granted the appellee's requested relief, except for attorney fees. We agree with the Chancellor's result and affirm.

Appellant contends that the alimony provision of the decree of divorce is unenforceable because it is based on an unconstitutional alimony statute, Ark. Stat. Ann. § 34-1211 (Repl. 1962). He argues that the alimony statute is unconstitutional because it is gender-based and, therefore, subject to the same equal protection infirmity which the United States Supreme Court enunciated in *Orr* v. *Orr,* 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979) and this Court addressed in *Hatcher* v. *Hatcher,* 265 Ark. 681, 580 S.W. 2d 475 (1979). We recently found this argument persuasive in *Sweeney* v. *Sweeney,* 267 Ark. 595, 593 S.W. 2d 21 (1980) when it was raised in the trial court before the granting of the final decree of divorce and held that Ark. Stat. Ann. § 34-1211 (Repl. 1962) was unconstitutional because of its gender-based classification. We also recently refused to reach the merits of a similar challenge to the constitutionality of the alimony statute in *Boyles* v. *Boyles,* 268 Ark. 120, 594 S.W. 2d 17 (1980) when it was raised for the first time after the granting of the divorce decree, stating at p. 126, ". . . [W]e consider a decree for alimony to be res judicata on the circumstances prevailing at the time of the decree." We likewise perceive no reason to deviate in the case at bar from our well reasoned decision in *Boyles* v. *Boyles, supra,* and, therefore, hold that Paul A. Schmidt, like Dunavent Mason Boyles, waited too late to assert his constitutional argument concerning alimony payments for it to be considered today.

The appellee also complains on cross-appeal of the chancellor's refusal to allow a reasonable attorney's fee. This is a matter of discretion for the Chancellor and considerable weight is given to his opinion. *Robinson* v. *Champion,* 251 Ark. 817, 475 S.W. 2d 677 (1972). Since our review of the facts and the record reveals no abuse of discretion, we must sustain the Chancellor.

Affirmed.