Cecil E. MENSCH *v.* Velna Lucille MENSCH

CA 79-282                                               597 S.W. 2d 859

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980

not needed

*Malcolm Smith,* for appellant.

*Macom, Moorhead & Green,* by: *J. W. Green, Jr.,* for appellee.

GEORGE HOWARD, JR., Judge. On April 10, 1975, appellee was awarded an absolute divorce from appellant. The decree incorporated, by reference, a property settlement and agreement made by the parties on February 28, 1975, three days before the divorce action was filed.

The "Property Settlement and Agreement" provided that appellant should pay to his former wife $100.00 per month as alimony until such time as the parties' daughter, whom appellee was awarded custody, reached her 18th birthday, at which time, the alimony payment would increase to $200.00 per month.

Between August 26, 1976, and December 13, 1978, appellant defaulted in his payments and he was cited to show cause why he should not be held in contempt of court. While appellant paid the arrearage, or a substantial part of it, in order to avoid incarceration in the county jail, appellant, on June 14, 1979, by oral motion, later reduced to writing with leave of the court, challenged the validity of the alimony provision incorporated in the divorce decree on the theory that Ark. Stat. Ann. § 34-1211 (Repl. 1962), is unconstitutional in light of *Orr* v. *Orr,* 440 U.S. 268, 99 S. Ct. 1102

(1979) and *Hatcher* v. *Hatcher,* 265 Ark. 681, 580 S.W. 2d 475 (1979).

The trial court overruled appellant's constitutional challenge.

Ark. Stat. Ann. § 34-1211 provides:

> "When a decree shall be entered, the court shall make such order *touching the alimony of the wife* and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable. . . ." (Emphasis supplied)

The thrust of appellant's argument may be summarized as: The receipt of alimony by a wife, or a former wife, in a divorce decree is governed by statute; that Ark. Stat. Ann. § 34-1211, on its face, is gender-based and, therefore, is violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution. *Orr* v. *Orr,* supra; *Hatcher* v. *Hatcher,* supra. In other words, appellant argues that § 34-1211 confers certain rights on women while denying men reciprocal or mutual rights.

We hold that appellant's belated argument is not impressive for the case may be disposed of on independent state grounds without elevating the matter to the lofty status of constitutional dimension.

First, the "Property Settlement and Agreement" was entered into between the parties before the parties' divorce action was commenced. This was an independent contract between two private individuals which was ultimately incorporated in the divorce decree and approved by the court. While the contract is enforceable in a court of law, it does not merge into the court's award and consequently, is not subject to modification by the court. *Armstrong* v. *Armstrong,* 248 Ark. 835, 454 S.W. 2d 660.

Secondly, the divorce decree became final on April 10, 1975; appellant took immediate steps to comply with the provisions of the agreement; the issue asserted by appellant

was raised for the first time on June 14, 1979, during a show cause proceeding. It is plain that appellant did not raise nor pursue the constitutional issue with diligence. Moreover, the matter is res judicata. *Boyles* v. *Boyles,* 268 Ark. 120, 594 S.W. 2d 17 (1980); *Schmidt* v. *Schmidt,* 268 Ark. 382, 596 S.W. 2d 690, (1980).

Thirdly, the "Property Settlement and Agreement" states:

> "That for and in consideration of the mutual covenants and agreements herein contained and for the purpose of settling fully all the property rights of the parties in this proceeding, defendant does hereby agree to pay to plaintiff as alimony the sum of $100.00 per month until the 18th birthday of Yvon Mensch; that upon the 18th birthday of Yvon Mensch said alimony payments shall be increased to $200.00 per month to be paid by defendant to plaintiff for so long as she shall remain unmarried; at such time as plaintiff should remarry all alimony shall cease."

It is clear that the alimony payment, while characterized as "alimony", was not only pivotal in the division of property rights between the parties, but was relevant in determining reasonable support required of appellant for his minor child in appellee's custody.

Affirmed.