## Lloyd N. BROWN *v.* Mary Kay BROWN

79-341                                                                    598 S.W. 2d 747
Supreme Court of Arkansas
Opinion delivered May 27, 1980

*Janis A. Richardson*, for appellant.

*Patten, Brown, Leslie & Davidson*, by: *Charles A. Brown*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal involving a divorce decree which was entered August 19, 1976, by the Chancery Court of Saline County. There was no appeal from the decree. That was before we declared part of Arkansas' divorce law unconstitutional. *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979).

In April of 1979, the appellant, Lloyd Brown, filed a motion seeking termination of an alimony award that the court made back in 1976 and asking that the parties' home be sold. He argued for the first time that Arkansas' alimony law was unconstitutional. Also, he argued it was unfair to award alimony to a woman, able, but unwilling, to work.

After a hearing on the motion, the chancellor found a change in circumstances and reduced the alimony from $200

a month to $150 but ruled against the appellant on his other requests. Both parties have appealed.

This case is not unlike the cases of *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W. 2d 17 (1980) and *Schmidt* v. *Schmidt*, 268 Ark. 382, 596 S.W. 2d 690 (1980). In both of those cases an attempt was made to constitutionally challenge a decree involving alimony for the first time after a decree had been entered. We held in both cases that since the constitutionality of the Arkansas statute had not been raised in the original proceeding, it was too late to do so at a later time.

In *Boyles* we held that alimony became a vested interest when the decree was entered; the issue of alimony becomes res adjudicata. The appellant is essentially trying to appeal from the 1976 decree. We affirm the chancellor's decree which denied the appellant's request to terminate the alimony because it was unconstitutional.

That leaves the matter of whether the chancellor abused his discretion in failing to terminate the alimony award because the appellee was able to work. This hearing occurred three years after the decree was entered. The appellee was able to support herself with the alimony and the child support for the one minor child. We cannot say, at this time, simply because she was able to work, that the chancellor was wrong in failing to terminate alimony. The child is eleven years old and, according to the appellee, the interest of the child is best served by her remaining in the home at this time. The chancellor did take into consideration the changed circumstances, primarily the decrease in income of the appellant, and reduced the award. We also cannot say the chancellor was wrong in reducing the award.

Consequently, we affirm the decree of the chancery court.

Affirmed.