Carolyn Ann RUSSELL *v.*
James Edgar RUSSELL

83-277                                    665 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered March 5, 1984

*Howell, Price & Trice,* for appellant.

*Lightle, Beebe, Raney & Bell,* by: *A. Watson Bell,* for appellee.

GEORGE ROSE SMITH, Justice. In this case the chancellor granted the husband a divorce, divided the marital property and permitted the wife to occupy the family home until the couple's 16-year-old son reached 18. The chancellor awarded the wife alimony until then, at which time the home was to be sold, the proceeds divided, and the alimony discontinued. At the original trial Mrs. Russell contended that she was completely unemployable, but the chancellor rejected that contention and stated that the period of alimony before the sale of the house "should be ample time for her to rehabilitate herself in order to secure employment." On the first appeal we affirmed the decree except for an increase in the amount of alimony and said: "In the event Mrs. Russell's physical and financial circumstances at the time of the sale of the home are different from what the Chancellor anticipated in his Memorandum Opinion, our law is sufficiently flexible to permit the Chancellor to modify the alimony award at that time." *Russell* v. *Russell,* 275 Ark. 193, 628 S.W.2d 315 (1982).

When the son reached 18 it was not necessary to sell the house, as Mrs. Russell had purchased her former husband's half interest. After a hearing upon Mrs. Russell's request that her alimony be continued indefinitely, the chancellor reviewed the facts in detail in a memorandum opinion, stated that Mrs. Russell's financial circumstances were about as he had expected, noted that she had made no effort to rehabilitate herself, adhered to his earlier view that she is employable, and found no material change in her physical condition since the decree. This appeal from the chan-

cellor's denial of further alimony comes to this court under Rule 29 (l) (j), as a second appeal.

The only argument for reversal is that the chancellor should have modified the decree by continuing the allowance of alimony. Since the trial court's findings were explained in detail and the facts in a case of this kind are of negligible precedential importance, we need not discuss the proof at length. Mrs. Russell had the burden of proof. She was her own chief witness. She testified that her main complaint, pain in her neck and upper back, had worsened since the trial in 1980. Her family physician, although still of the opinion that she is unemployable, testified that the condition of her neck is about the same as it was. On the other hand, the two physicians testifying for Russell had both had experience in evaluating patients for social security disability benefits. They were of the opinion Mrs. Russell can be gainfully employed. Dr. Barnett mentioned possible jobs. The chancellor noted in his opinion that Dr. Barnett had said that during the course of his examination Mrs. Russell had said she could not look to her left with full range of motion, but she actually did so many times when he was not performing the examination itself. To reverse the chancellor's decision we would have to weigh the conflicting testimony of the doctors without having heard them testify and disregard the detailed findings of the chancellor. In these circumstances we cannot say that the trial judge's decision is clearly erroneous.

Affirmed.

HICKMAN, J., not participating.