David WEEKS *v.* Kay WILSON

CA 05-978                                                     234 S.W.3d 333

Court of Appeals of Arkansas
Opinion delivered April 19, 2006

*Chisenhall, Nestrud & Julian, P.A.*, by: *Denise R. Hoggard*, for appellant.

*Southern & Allen*, by: *Byron S. Southern*, for appellee.

JOHN B. ROBBINS, Judge. Appellant David Weeks and appellee Kay Wilson were divorced on July 12, 2000, after a sixteen-year marriage. There were no children born of the marriage. The divorce decree divided the parties' assets and debts, and ordered Mr. Weeks to pay monthly alimony of $400.00 for a period of five years. On January 5, 2005, Ms. Wilson filed a motion seeking an extension and increase in alimony on the basis that there had been a material change in circumstances since the entry of the divorce decree. After a hearing, the trial court found that Ms. Wilson met her burden of proving a material change in circumstances, and on May 20, 2005, ordered Mr. Weeks to pay monthly alimony of $500.00 for an indefinite duration.

Mr. Weeks now appeals from the trial court's May 20, 2005, order that modified his alimony obligation. He argues that the trial court erred in denying his motion to dismiss because Ms. Wilson failed to prove a material change in circumstances to justify the modification. Mr. Weeks further argues that the trial court erred in failing to consider Ms. Wilson's failure to rehabilitate herself during the five-year period following the divorce. We affirm.

Modification of an award of alimony must be based on a change of circumstances of the parties. *Herman v. Herman*, 335 Ark. 36, 977 S.W.2d 209 (1998). The burden of showing a change in circumstances is always upon the party seeking the change in the amount of alimony. *Hass v. Hass*, 80 Ark. App. 408, 97 S.W.3d 424 (2003). The primary factors to be considered in making or changing alimony are the need of one spouse and the ability of the other spouse to pay. *Id.* We review domestic-relations cases de novo, but we will not reverse a finding of changed circumstances warranting a modification of alimony unless clearly erroneous. *See id.*

Ms. Wilson testified that she is fifty-six years old and is five years older than Mr. Weeks. She has lived in an apartment for the

past five years and pays $735.00 in rent, plus utilities. Ms. Wilson stated that she plans to move to another location because she can no longer cope with climbing the stairs to her apartment.

Ms. Wilson stated that at the time of the divorce she was working as a massage therapist, and that she also worked as a receptionist for a chiropractor. In December 2000, Ms. Wilson began working as a course coordinator for the University of Arkansas for Medical Sciences (UAMS), and has been employed there ever since.

Ms. Wilson testified that she was diagnosed with rheumatoid arthritis and osteoarthritis in November 2000. As a result, she experiences pain and swelling in her knees, hands, and wrists, for which she takes medication. Ms. Wilson stated that the pain and swelling keep her from being active, and that she never has a pain-free day.

Ms. Wilson had been earning $50.00 per hour as a massage therapist, and her rate of pay at UAMS is $11.18 per hour. She testified that she works about thirty hours per week and that due to the deterioration of her health, "I can't work anymore than I'm doing." Ms. Wilson stated that she has not considered seeking other or additional employment "because I have an excellent situation because my boss is so flexible and very understanding of my disease." Ms. Wilson reported $740.00 of income from doing massage therapy in 2000, but has since made no meaningful earnings from that occupation.

Ms. Wilson indicated that her current net pay is $325.00 per week and that she gets a two-percent raise each year. In her affidavit of financial means prepared during the pendency of the divorce, Ms. Wilson claimed weekly net pay of $386.44, which included an estimated $150.00 per week for massage therapy. Ms. Wilson testified that she was healthy at the time of the divorce, and that due to her current health problems and limitations she cannot make ends meet without alimony.

Dr. Columbus Brown, a rheumatologist, testified that he has examined Ms. Wilson on multiple occasions. He stated that Ms. Wilson has a severe form of rheumatoid arthritis, which if left untreated would result in deformities and debilitation. Dr. Brown testified that the disease can be controlled with medicine and that Ms. Wilson has done well on her current drug treatments. However, he gave the opinion that Ms. Wilson cannot engage in massage therapy because if she had to do manual work with her hands on a daily basis, she would suffer from frequent flare-ups

from her rheumatoid arthritis. Dr. Brown did not think Ms. Wilson could ever return to performing massage therapy, although he agreed that she is capable of performing her full-time employment at UAMS.

Dr. Ricardo Zuniga began treating Ms. Wilson on January 15, 2002, and he stated the following in a letter dated February 6, 2004:

> I am treating her for rheumatoid arthritis, a chronic inflammatory condition that affects especially her hands and knees. Currently, this patient has very active disease involving her hands, which produces severe pain and limitation in the range of motion in her joints, especially in her hands. This is a chronic condition that will persist, however I am offering her the treatment recommended for such cases, and her response has not been the best to those medications. I can not predict her future response, but up to now the medications used failed to control her condition.

> I understand that Ms. Wilson works or used to work part-time giving massages. To a reasonable medical certainty, I consider that due to the inflammatory condition involving the small joints in her hands, using her hands to give massages would be very difficult/painful to do, and in addition it would increase the stress in the already inflamed joints; for that reason I consider that she can not perform massage due to her active inflammatory process. At this time I can not predict her future response to medications, for that reason I can not say now if such inability will be permanent or not.

Mr. Weeks testified on his own behalf and stated that he has been employed as a conservationist for the federal government for the past twenty years. In his affidavit of financial means prepared in anticipation of the divorce, Mr. Weeks claimed a weekly net pay of $1076.88, and at the most recent hearing he stated that his annual gross income had increased by $20,000.00 since the time of the divorce. Mr. Weeks indicated that his raises were anticipated and were consistent with those he received prior to the divorce.

In the order modifying Mr. Weeks' alimony obligation, the trial court made the following findings:

> At the time of entry of the Decree of Divorce, the Court had hoped that Plaintiff's massage therapy business would substantially increase her income. The Court considered that since entry of the

Decree, Plaintiff was diagnosed with rheumatoid arthritis which precluded her from performing massage therapy. The Court also considered other factors, including but not limited to, that Plaintiff felt she was unable to work beyond her full-time clerical job because of pain and fatigue, and the Defendant's increase in his income since the entry of the Decree.

Plaintiff has met her burden of proving a material change in circumstances and as such warrants a continuation of alimony as well as an increase therein. Effective for entry of this Order, Defendant shall hereafter pay Plaintiff the sum of $500 per month as alimony, such alimony to continue indefinitely.

Mr. Weeks argues on appeal that the trial court erred in converting the alimony award from a specified term to an indefinite term and in increasing the amount. He contends that Ms. Wilson failed to establish a material change in circumstances to support such a modification.

Mr. Weeks does not dispute the fact that Ms. Wilson was diagnosed with rheumatoid arthritis and cannot return to massage therapy, but disputes that she was expected to earn more money as a massage therapist than she currently earns at her full-time job. Mr. Weeks notes that when Ms. Wilson was diagnosed in 2000, her total gross income from massage therapy was $740.00. Since then she has earned no reportable income from massage therapy. While Ms. Wilson charged $50.00 per hour for massage therapy, Mr. Weeks asserts that this did not take into account overhead expenses or taxes, and further submits that the availability of full-time work in that field was in question. Given the uncertainty related to Ms. Wilson's expectation of income from massage therapy, Mr. Weeks contends that her inability to perform that job does not amount to a change in circumstances.

Mr. Weeks also contests the severity of Ms. Wilson's condition. While Ms. Wilson subjectively reported pain and fatigue, Mr. Weeks notes that Dr. Brown testified that her disease is in remission. Dr. Brown stated that in January 2005 he found Ms. Wilson to be without fatigue or joint pain. Given her physical abilities and intellectual capacity, Mr. Weeks argues that Ms. Wilson had ample time to consider other employment and rehabilitate herself after the divorce, but failed to do so.

Finally, Mr. Weeks takes issue with the trial court's pronouncement at the conclusion of the hearing that Ms. Wilson's income is substantially less than it was five years ago. Mr. Weeks asserts that this finding is incorrect, noting that her 2000 tax return

showed income of $17,120, while her 2004 tax return showed income of $21,641. Mr. Weeks contends that any earnings Ms. Wilson realized from massage therapy at the time of divorce were nominal at best, and that her income has gradually increased since then. Mr. Weeks further argues that his gross annual salary increase of $20,000 cannot be considered a change in circumstances because such increase was anticipated at the time of the divorce.

Mr. Weeks compares this case to *Russell v. Russell*, 281 Ark. 473, 665 S.W.2d 271 (1984). In that case the appellant was awarded alimony for a definite term, and subsequently petitioned the trial court to modify its original decree by continuing the allowance of alimony. The trial court denied her petition based in part on the factors that appellant's financial circumstances were about as had been expected and the appellant had made no effort to rehabilitate herself and secure employment, and the supreme court affirmed. In the present case, Mr. Weeks contends that modification of alimony was not justified because Ms. Wilson's income was about what was anticipated at the time of divorce, and at any rate her financial condition resulted from her failure to pursue more profitable employment.

We hold that the trial court did not clearly err in finding a material change in circumstances, and in increasing the alimony to $500.00 per month for an indefinite period. We agree with Mr. Weeks that the evidence did not support the trial court's comment at trial that Ms. Wilson's income had substantially decreased. However, the trial court's written order does not include or rely on this finding. The order instead recites that Ms. Wilson was diagnosed with rheumatoid arthritis that precludes her from performing massage therapy, and that she cannot perform any additional work due to pain and fatigue. These findings are supported by the evidence and amount to a change in circumstances justifying a modification of alimony.

While Dr. Brown testified that Ms. Wilson's rheumatoid arthritis was in remission and she was responding to treatment, he also characterized her condition as "severe" and stated that she will never be able to return to massage therapy. Moreover, Ms. Wilson testified that her life is very limited due to the pain and swelling caused by her disease, and that she is physically unable to work more than her thirty-hour weekly shift at UAMS, where she is accommodated well by her boss due to his understanding of the disease. The trial court found Ms. Wilson to be a credible witness, and we defer to the trial court's superior position to determine the

credibility of the witnesses and the weight to be given their testimony. *See Akins v. Mofield*, 355 Ark. 215, 132 S.W.3d 760 (2003).

While it is uncertain how much income Ms. Wilson could have earned as a massage therapist, the trial court found that her arthritis not only prevented her from performing that job, but also limited her potential employment in other fields. In assessing alimony the trial court considers a variety of factors, including the health and medical needs of the parties, as well as their earning capacities. *See Boyles v. Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980). In this case there was evidence that due to Ms. Wilson's deteriorating health, her earning capacity was significantly less than anticipated at the time of the divorce, and that any failure of occupational rehabilitation was thus beyond her control. The trial court ruled that Ms. Wilson established the need for an increase in alimony, as well as Mr. Weeks' ability to pay, and we affirm the trial court's decision.

Affirmed.

HART and GLOVER, JJ., agree.